**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JEROME DARNELL WHITE**                                                      **PLAINTIFF**

**V.**                                                     **No. 4:22-cv-00019-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for Title II disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. For the following reasons, this cause is remanded.

    **I.**     **Administrative History**

Plaintiff filed his claim for disability on May 1, 2020, alleging disability on February 1, 2014. Tr. at 15. After being denied at the hearing level on August 18, 2021, Plaintiff appealed this claim to the Appeals Council. The Appeals Council entered on Order on December 9, 2021, affirming the decision of the ALJ, making this claim ripe for review here.

The Commissioner's regulations set forth a five-step sequential evaluation process that must be used to assess whether the claimant meets the definition of disability. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). In the first three steps of the process, the ALJ must determine whether the claimant is engaged in substantial gainful activity, whether he has a medically determinable impairment that is "severe" under the meaning of the Act, and whether he suffers from an impairment that meets or equals any impairment listed for presumptive disability in 20

C.F.R. Part 404, Subpart P, Appendix 1 (the Listings). *Id.* At step four, the claimant retains the burden of proving that he could not perform his past relevant work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Leggett*, 67 F.3d at 564. At the fifth step, the Commissioner has the burden of producing evidence about work available in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3). If the Agency conclusively finds that a claimant is or is not disabled at any point in the five-step process, the evaluation terminates. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Applying the sequential evaluation process, at step one, the ALJ noted that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, February 1, 2014. Tr. at 17, Finding 2. At step two, the ALJ found that "mild biceps deformity and tendinopathy, obesity, right shoulder acromioclavicular arthritis, and gouty arthritis" were severe impairments. Tr. at 17-20, Finding 3. At step three, he found that Plaintiff's impairments, either singly or in combination, did not meet or medically equal any impairment for presumptive disability in the Listings. Tr. at 20-21, Finding 4. Next, the ALJ found that Plaintiff had the RFC "to perform medium work as defined in 20 CFR 404.1567(c), 416.967(c) except he cannot climb or crawl." Tr. at 21-23, Finding 5. While he alleged disabling symptoms, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. at 22. Based on vocational expert (VE) testimony, the ALJ determined that Plaintiff could perform his past relevant work as a security guard, a light job per the VE. Tr. at 23-24, Finding 6; *see also* 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ could have ended his review at step four, but in the alternative, also based on the VE's testimony, found at step five that there was other work available to Plaintiff in significant numbers in the national economy.

Tr. at 24-25. Thus, the ALJ determined that Plaintiff was not disabled during the relevant period, the alleged onset date, February 1, 2014, through the date of the decision, March 3, 2021. Tr. at 25, Finding 7.

## II. Law and Analysis

Judicial review of the Commissioner's final decision of not disabled is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Commissioner's factual findings shall be conclusive if substantial evidence supports them. 42 U.S.C. § 405(g). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotations omitted).). Finding no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

The RFC determination is an administrative assessment based on the totality of the evidence and represents the extent to which a claimant's impairments and related symptoms affect his capacity to do work-related activities. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *3; 20 C.F.R. §§ 404.1545(a), 416.945(a). Affirming that the ALJ has the sole responsibility to determine the RFC, the Fifth Circuit stated, "the ALJ properly interpret[s] the medical evidence to determine [a claimant's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The assessment of a claimant's work capacity is reserved solely to the ALJ and is based on all of the evidence, not just the medical evidence. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); SSR 96-8p at *3.

"Because the Commissioner is responsible for weighing the evidence, resolving conflicts and making independent findings of fact . . . [the] Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner." *Powers*, 207 F.3d at 434-35 (7th Cir. 2000). Finding no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson*, 864 F.2d at 343-44. Conflicts in the evidence are for the Commissioner to resolve, and if the Court finds substantial evidence supports the ALJ's decision, the Court must affirm the decision even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

### A. Is the RFC supported by substantial evidence?

The plaintiff argues in this case that there is no support for an RFC that would permit medium work. In support of this argument, Plaintiff cites to the following excerpts from the consultative exam by Dr. Smith dated July 27, 2020:

> RANGE OF MOTION:
> Range of motion determination is complicated by patient's inability or unwillingness to undergo tests against persistence or without resistance, maintaining that it is too much pain associated with motion of the shoulder and forearms. He complains of extreme pain on rotation of the neck to the right and pain in both shoulders if rotating to the opposite direction. *Abduction of the arm is limited to 10 degrees. External rotations is limited to 5 degrees, and he is unable to reach above his ear with either hand…* [emphasis added by Plaintiff].
>
> LIMITATIONS OF DAILY LIVING:
> The claimant maintains that he can do hardly anything worthwhile. He is unable to stand long enough to cook. He is able to dress himself. *He requires assistance in most everything he does.* He states, that of course, he cannot drive. He is unable to climb, crawl or creep. The visual acuity will require more evaluation of treatment [emphasis added by Plaintiff].

TR at 316-17.

Plaintiff also cites the medical records of Dr. Todd Bell, who performed two surgical procedures on Plaintiff's right shoulder on June 11, 2014, and July 9, 2014, and followed up with

Plaintiff until May 2015 when he last saw Plaintiff and deemed him at max medical improvement. Tr. at 325; Pl.'s Br. at 5. At that time, Plaintiff was advised to follow up as needed and was released to return to work with the following restrictions: "No overhead use. No lifting greater than 5 lbs. No repetitive or forceful reaching, pushing, or pulling." Tr. at 325.

Plaintiff argues the failure of the ALJ to restrict his lifting to 5lbs – and instead assigning him a medium RFC – was prejudicial as established by the following hearing exchange between the ALJ and VE:

> ALJ: Okay. And, Ms. Reynolds, I would of course, take note of your opening argument that if he cannot, you know, even lift more than five pounds he's probably disabled. So let me just ask Ms. DeLeon, if somebody is limited to lifting only—no more than five pounds at any time, is that going to preclude even sedentary work?
> VE: Yeah, there are no jobs available, Your Honor, that's less than sedentary, so there are no jobs available, not even—
> ALJ: Okay.
> VE: -- sedentary jobs.

Tr. at 43.

Finally, while Plaintiff concedes that the state agency medical examiners who reviewed his record on November 14, 2020, and February 24, 2021, found him not disabled, he complains that when they conducted their reviews, he had not yet made his 2014/2015 right shoulder records from Dr. Bell part of his social security record, thus their medical review was limited to only the consultive exam of Dr. Smith on July 27, 2020. Pl.'s Br. at 5-6.

The Commissioner, in response to these assertions, makes a number of points to include that the 5-pound lifting restriction assigned to him in 2014-15 was only for his *right* arm and that he never sought any further treatment after May 2015 that would have allowed a doctor to release the restriction. Dr. Bell's opinion in 2014, ten months after the injury to the right shoulder, was that though Plaintiff's right upper extremity was described as "[n]o overhead use.

No lifting greater than 5 lbs. No repetitive or forceful reaching, pushing or pulling[,]" he was nevertheless released to return to work at that time. Tr. at 325.

Also, the Commissioner points out, in over 5 years since his release to return to work in 2015, Plaintiff has never sought further medical treatment or prescription medication for his right shoulder, or otherwise. And, the sole medical consult – done by Dr. Smith, at the direction of DDS, in July 2020 – was hindered by what the examiner characterized as plaintiff's inability *or choice* not to touch his nose with his finger. *See* Tr. at 317.

In the instant case, ultimately, despite having many of the same reservations as noted by the Commissioner, I find that there is not substantial evidence to support the ALJ's RFC because the only medical evidence related to examination of Plaintiff's upper right extremity reveals a 2015 "maximum medical recovery" 5lb lifting restriction and limitation on frequent or forceful pushing or pulling. *See* Tr. at 316. Also, there are UE ROM limitations on a more recent consultive exam, and none of this appears to have been addressed in the RFC. In short, I find that this case should be remanded for explanation of how, with these limitations in the upper extremity, Plaintiff would be able to perform medium work.

**SO ORDERED**, this the 26th day of September, 2022.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**